UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLARA BARRERA, as the Administrator of the
Estate of JAVIER HERNANDEZ, deceased,
and CLARA BARRERA, Individually,

                Plaintiff,

        -against-

SHAWN M. BETHEL, VINCENT S. BETHEL,
DEVIN LEON JACKSON, and JACKSON
TRANSPORT SYSTEMS, LLC,

                Defendants.

**OPINION & ORDER**

24-CV-06426 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

On July 6, 2023, Plaintiff commenced an action in the Supreme Court of the State of New York, County of Orange against Shawn M. Bethel ("S. Bethel"), Vincent S. Bethel ("Vincent Bethel"), Devin Leon Jackson, and Jackson Transport Systems, LLC (together with Devin Leon Jackson, the "Jackson Defendants" and collectively, "Defendants"). (Doc. 1, "Not. of Removal" ¶ 1). On August 26, 2024, the Jackson Defendants removed, with Defendants S. Bethel and Vincent Bethel's consent, this action from state court pursuant to 28 U.S.C. §§ 1441 and 1446. (Not. of Removal ¶¶ 10,[1] 15).[2] The Jackson Defendants assert that this Court has subject matter jurisdiction over this dispute because (1) complete diversity exists between the parties (*id.* ¶¶ 11, 13-15); and (2) the amount in controversy exceeds $75,000, exclusive of interests and costs (*id.* ¶ 12).

---

[1] The Court notes a typographical error on page 6 of the Notice of Motion, which lists paragraph 28 as paragraph 10.

[2] Defendant Devin Leon Jackson had previously removed this case, but, on November 28, 2023, the Court granted Plaintiff's motion to remand, finding that the removing defendants had failed their burden of establishing that the amount in controversy exceeds $75,000. *See Barrera v. Bethel*, No. 23-CV-08631, 2023 WL 8483022, at *1 (S.D.N.Y. Nov. 28, 2023) ("*Barrera I*"). The Jackson Defendants argue that this Notice of Removal corrects the deficiencies previously identified by the Court.

On September 4, 2024, Plaintiff moved to remand this action to state court on the grounds that removal is untimely, that the Jackson Defendants failed to meet their burden to establish the existence of diversity of citizenship, and that removal is improper under the "forum defendant rule." (Doc. 6, "Mot."; Doc. 6-1, "Pl. Br."). Plaintiff also moved for attorney's fees and costs under 28 U.S.C. § 1447(c). (*Id.*). The Jackson Defendants filed their opposition on September 10, 2024 (Doc. 7, "Def. Br."), and Plaintiff's motion to remand was fully briefed with the filing of a reply on September 17, 2024 (Doc. 8).

For the reasons set forth below, Plaintiff's motion is GRANTED and this matter is REMANDED to the Supreme Court of the State of New York, County of Orange.

## ANALYSIS

I.  Removal

Section 1446 establishes a one-year limit on removal of diversity cases, running from the "commencement of the action" in state court. 28 U.S.C. § 1446(c)(1). A narrow exception from this one-year limit is available if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* The Jackson Defendants do not dispute that over one year has elapsed between the "commencement of the action" in state court and the filing of the Notice of Removal. Instead, the Jackson Defendants argue that Plaintiff acted in "bad faith" to prevent them from removing the case. (Not. of Removal ¶¶ 16-27).

The Court finds that the bad faith exception does not apply here. According to the Jackson Defendants, on February 8, 2024, Plaintiff served its written discovery responses in response to the Jackson Defendants' written requests made on December 22, 2023, "which did not disclose any specific economic damages amounts." (Def. Br. at 2). The Jackson Defendants then waited until August 20, 2024—over a month after the one-year removal period elapsed—to request

supplemental discovery responses from Plaintiff. (Mot., Ex. H at 6). That the parties were discussing a settlement demand does not excuse the Jackson Defendants' delay in pursuing Plaintiff's purportedly deficient discovery responses. Given this delay, the Court cannot say that Plaintiff acted in bad faith to prevent the Jackson Defendants from removing the action. *See Martinez v. Yordy*, No. 16-CV-00005, 2016 WL 8711443, at *3 (E.D.N.Y. Feb. 19, 2016) ("I will not determine that plaintiff's failure to provide a bill of particulars was intended to prevent removal where defendants did not take action for five months and did not move the court to compel that information before the statutory time had passed.").

Accordingly, the Jackson Defendants' removal is untimely.[3]

II.    Attorney's Fees and Costs

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* The general principle underpinning fee awards in cases where removal was improper is to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party[.] *Id.* at 140. Although the Court retains discretion to consider whether departure from the rule is appropriate, if "clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Williams v. Int'l Gun-A-Rama*, 416 F. App'x 97, 99 (2d Cir. 2011).

Although Plaintiff's conduct during this action does not amount to bad faith, Plaintiff is not blameless in this situation. Plaintiff waited until after the one-year removal period to fully

---

[3] Given the ruling on citizenship in *Barrera I*, it is surprising that the Jackson Defendants now suggest upon a lawyer's hearsay "certification" (Def. Br. at 7; *see also id.*, Ex. K) that diversity of citizenship now exists.

answer the Jackson Defendants' discovery demands. For that reason, and in the exercise of the Court's discretion, Plaintiff's request for attorney's fees and costs is denied.

## <u>CONCLUSION</u>

Based upon the foregoing, removal is improper. Accordingly, Plaintiff's motion to remand is GRANTED (Doc. 6) and this action is REMANDED to the Supreme Court of the State of New York, County of Orange. Plaintiff's motion for attorney's fees and costs is DENIED. The Clerk of the Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Orange, and to close this action. All pending matters are hereby terminated.

SO ORDERED.

Dated:  White Plains, New York
        December 20, 2024

_____
Philip M. Halpern
United States District Judge

4